Nola MEADE, Plaintiff,

v.

CITY OF ST. LOUIS, Defendant.

No. 48852.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

James D. Edgar, St. Louis, for plaintiff.

James J. Wilson, City Counselor, David P.
Weiss, Asst. City Counselor, St. Louis, for
defendant.

CLEMENS, Senior Judge.

Plaintiff-wife was injured when her husband drove their car through a red stop light at a controlled intersection in St. Louis. The City had a fire station nearby and in front maintained a green warning light at its driveway exit. Plaintiff pleaded this was negligently located by the City.

Plaintiff pleaded her husband mistook the City's green warning light for the intersection's traffic light; that he drove past the warning light and then drove through the red intersection light into a right angle collision with another car being properly driven through the intersection.

The City moved to dismiss plaintiff's petition on the ground it was not insured and that maintaining its green warning light was a governmental function. The trial court so found and dismissed plaintiff's petition with prejudice; she has appealed.

Here plaintiff contends the trial court erred because the City's alleged immunity was expressly waived by Section 537.600(2) RSMo. The City responds that placement of its warning light was a governmental function and so it was immune from suit under the cited statute and Section 537.610 RSMo.

We hold the trial court's summary dismissal of plaintiff's petition was proper under *Bartley v. Spec. School Dist. of St. Louis City*, 649 S.W.2d 864 (Mo. banc 1983), dealing with sovereign immunity under the cited statutes. We agree.

In *Bartley* the court ruled that:

"Section 537.600 states that the doctrine of immunity ... except as modified, abrogated or waived by statute remains in full force and effect ... It must be inferred from the words and the structure of this statutory pronouncement that the legislature intended to reenact sovereign immunity as the rule; for the proposition begins and ends with the independent clause stating that sovereign immunity is in full force and effect. The conclusion reached is that the legislative intent was ... to carve out limited exceptions to a general rule of immunity. Hence, we are bound to hold that statutory provisions that waive sovereign immunity must be strictly construed ...

"The General Assembly's enactment only waived sovereign immunity as provided in subsections (1) and (2) of Section 537.600 and then only to the extent the public entity has purchased liability insurance for such purposes."

The court explained:

"In order to recover under a statutory exception, plaintiffs must do so under a construction that is not inconsistent with two propositions: first, that the express waivers of Section 537.600 depend upon the acquisition of insurance; second, that the statute preserves the governmental/proprietary distinction."

The *Bartley* court summarized its ruling by declaring that under the cited statutes the only exceptions to the doctrine of sovereign immunity exist when there is liability insurance in effect. Since there was none here the trial court properly dismissed plaintiffs' petition on the ground of the City's sovereign immunity.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.